NORTH CAROLINA            IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
NEW HANOVER COUNTY

FILED 2021 DEC 20 P 1:10
NEW HANOVER CO., C.S.C.
BY _____

LATASHA JONES, )
)
Plaintiff, )
)
vs. ) COMPLAINT
)
UNIVERSITY OF NORTH CAROLINA WILMINGTON, a/k/a )
UNIVERSITY OF NORTH CAROLINA AT WILMINGTON, )
)
Defendant. )

COMES NOW PLAINTIFF, complaining of the acts of Defendant, alleges and says that:

1. That Plaintiff is a citizen and resident of North Carolina.

2. Upon information and belief, Defendant is a university organized and existing under and by virtue of the laws of the State of North Carolina, located in New Hanover County, North Carolina. Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, and 1991, as amended in that it has employed 15 or more employees at all times relevant herein.

3. That, Plaintiff, a Black female, was hired by Defendant on or about August 14, 2006 as an admissions coordinator. Plaintiff is highly qualified and has served the Defendant in a variety of capacities, with distinction, while so employed. Her current position is the Senior Assistant Director of Administration for Diversity Initiative.

4. That Plaintiff continues to perform her duties with the best interests of the Defendant and its students in mind and continues to learn more about the operation of the organization as she performs her duties. During the performance of her duties, she acted in additional capacities and creatively presented new ideas and procedures to increase the effectiveness of the admissions department. Plaintiff also networks and serves on many university committees in addition to her assigned work duties as part of her desire to see the university grow and develop.

FIRST CAUSE OF ACTION: RETALIATION

5. That on or about October 11, 2019, Plaintiff filed suit against Defendant in response to a Right to Sue Letter issued upon completion of the Equal Employment Opportunity Commission's (hereinafter "EEOC") investigation of her concerns of discrimination in the

A TRUE COPY
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: Patricia M. Cherigo
Deputy Clerk of Superior Court

workplace. Further, that Defendant removed the case to United States District Court for the Eastern District of North Carolina on or about November 20, 2019.

6. That the parties resolved all issues and a Stipulation of Dismissal in the action was filed on or about October 27, 2020.

7. That initially the parties were progressing amicably and professionally and Plaintiff was eagerly working in her new position with Defendant. Initially, she was under the supervision of Provost James Winebrake and Plaintiff enjoyed a positive and productive experience in the new position.

8. That Provost Winebrake's duties expanded and he began to delegate some of his responsibilities with respect to Plaintiff's position to Lauren Franklin (formerly Scott) on or about May 1, 2021. Ms. Franklin was serving as the Interim Director of Admissions and held that position since on or about September, 2020.

9. That Plaintiff explained to Provost Winebrake and to the Human Resources Department of Defendant, that having Ms. Franklin as her direct manager was not only deleterious to her health but also the basis for the original EEOC charge in 2018.

10. That upon Ms. Franklin's assignment as Plaintiff's supervisor, she immediately began distorting the quality of Plaintiff's work in a negative manner and initiating performance improvement steps that were unwarranted based upon Plaintiff's actual performance of her duties. Ms. Franklin wanted to perform Plaintiff's 2021-22 full cycle performance evaluation and goal setting prior to the completion of her 2020-21 evaluation by Provost Winebrake.

11. That Ms. Franklin insisted upon conducting Plaintiff's 2020-21 performance evaluation even though she had not supervised her for the year.

12. That Plaintiff reported the retaliatory nature of these actions and their adverse effects on Plaintiff's health to Elizabeth Grimes, Associate Vice Chancellor for Human Resources. Ms. Grimes acknowledged Plaintiff's concerns but insisted that she attend the meeting with Ms. Franklin and offered the preparation assistance with Elaine Doell or Olivia Cunningham. This suggestion did not resolve the adverse health effects nor protect Plaintiff from retaliation by Ms. Franklin.

13. Once Plaintiff expressed her objections to Ms. Franklin, Ms. Franklin acquiesced and participated in a joint appraisal, with Provost Winebrake leading the evaluation process.

14. That despite her health and retaliation based objections to supervision by Ms. Franklin, Ms. Franklin was officially named as Director of Admission and Plaintiff's permanent supervisor on or about September 21, 2021.

15. That upon information and belief, the conduct of Defendant's employees, within the course and scope of their employment, created a hostile working environment for Plaintiff and was in retaliation for her prior EEOC activity. The conduct of Defendant, as alleged herein, violates Title VII of the Civil Rights Act of 1964 and 1991, as amended. Further, upon information and belief, said conduct was intended to cause Plaintiff to resign her position and deprive her of the ability to earn competitive wages in her field of expertise.

16. That at all times relevant herein, Plaintiff's supervisory personnel were agents of the Defendant, duly authorized and acting within the scope of their employment.

17. That as a direct and proximate result of Defendant's conduct, Plaintiff experienced retaliation and great personal stress and anxiety. The adverse health effects led to Plaintiff's physicians authorizing a medical leave during the fall of 2021. In addition, Plaintiff had been approved for Family and Medical Leave Act benefits for these same conditions.

18. That on or about May 5, 2021 Plaintiff initiated the EEOC charge process and signed the final draft of the charge on or about September 13, 2021, within 180 days of the last retaliatory actions of Defendant. Plaintiff filed a charge in writing with the Equal Employment Opportunity Commission (hereinafter "EEOC") charging Defendant with retaliation based on her prior EEOC activity. More than 180 days have elapsed since Plaintiff filed these charges with the EEOC. On or about October 25, 2021, a right to sue letter on said charge of retaliation was issued by the local office of the EEOC. At this time, Plaintiff has decided to institute a private lawsuit, and is filing same within ninety (90) days of receipt of the EEOC's right to sue letter.

19. Said retaliation and creation of a hostile work environment by Defendant based upon Plaintiff's prior EEOC activity, by and through its duly authorized agents, is the direct and proximate cause of injury to Plaintiff in an amount in excess of $25,000.00 representing lost wages and medical expenses as well as emotional distress.

## SECOND CAUSE OF ACTION: PUNITIVE DAMAGES

20. The allegations set forth in paragraphs 1. through 19. are realleged and incorporated by reference as if fully set forth.

21. That the above described acts or omissions of the Defendant, by and through its duly authorized agents acting within the scope of their employment, constitute wrongs done wantonly, willfully, or with actual malice, or under circumstances of rudeness, insult, indignity, oppression, or in a manner which demonstrates an intentional disregard of and reckless disregard for the Plaintiff's rights, safety, and health. Further that Defndant knew or should have know that the conduct was likeley to result in injury, damage, or other harm to Plaintiff.

3

22. That as a direct and proximate cause of Defendant's actions, by and through its duly authorized agents, Plaintiff has suffered emotional distress and injury.

23. That Plaintiff is entitled to recover of Defendant on this cause an amount to be determined at trial as punitive damages to deter retaliation by Defendant in the future.

WHEREFORE, Plaintiff prays the Court as follows:

1. That Defendant be ordered to cease all retaliation for EEOC activity in the workplace and be ordered to eliminate the hostile environment which exists on its campus;

2. That Plaintiff recover judgment against Defendant in an amount in excess of $25,000.00;

3. That Plaintiff recover the costs of this action, including reasonable attorney's fees; and

4. For such other and further relief as the Court may deem just and proper.

Nancy P. Quinn,
Attorney for Plaintiff
315 Spring Garden St., Suite 1D
Greensboro, NC 27401
Telephone: (336) 272-9072

4